IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JACOB D. SHERRILL, JR.,                  :
                                         :
           Petitioner                    :
                                         :
      v.                                 :        CIVIL NO. 4:CV-15-2336
                                         :
WARDEN DAVID EBBERT,                     :        (Judge Brann)
                                         :
           Respondent                    :

### MEMORANDUM

September 16, 2016

**Background**

Jacob D. Sherrill, Jr. filed this pro se petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2241 while confined at the Federal Prison Camp,

Lewisburg, Pennsylvania (FPC-Lewisburg).  Named as Respondent is FPC-

Lewisburg Warden David Ebbert.   Service of the petition was previously ordered.

Petitioner indicates that he plead guilty to possession with intent to

distribute heroin in the United States District Court for the Northern District of

New York. See Doc. 2-1.  According to the Petition, Sherrill was sentenced on

April 17, 2013 to serve a 48 month term of incarceration with 3 years of

supervised release. See Doc. 1, p. 4.  Sherrill does not challenge the legality of his

guilty plea or sentence.

Rather, Petitioner states that while serving his federal sentence, at the Federal Prison Camp, Loretto, Pennsylvania  the Federal Bureau of Prisons (BOP) determined on March 12, 2015 that Petitioner could not participate in the Residential Drug Abuse Treatment Program (RDAP)[1] and as a result would not be eligible for a one year sentence reduction if he successfully completed the program.  The BOP's denial stated "the information you provided during the diagnostic interview about your own substance use in the year prior to your arrest did not meet clinical criteria for a diagnosis of substance abuse disorder."  Doc. 2-1, p. 1.

Sherrill generally contends that the BOP's denial of his request for RDAP admission was arbitrary and capricious because his pre-sentence report showed that within a year preceding his federal confinement he had a misdemeanor drug possession charge which resulted in his participation in out patient drug counseling.  Petitioner adds that the RDAP denial violated his Fifth Amendment constitutional due process rights.  The Petition also maintains that Sherrill's BOP

---

[1] The RDAP has two components, a five hundred (500) hour classroom program and a transitional services portion which is completed in a halfway house.  Upon completion of both segments, the inmate applicant is eligible for a one (1) year sentence reduction.

administrative remedies have been exhausted.

**Discussion**

Respondent has filed a Suggestion of Mootness." Doc. 13, p. 1.  The notice

provides that Petitioner was released from FPC-Lewisburg into  Residential

Reentry Management n Pittsburgh, Pennsylvania.  See id. at p. 2.  In light of

Sherrill's release from incarceration, Respondent asserts that his matter is moot

since the Petitioner can no longer receive this requested relief, acceptance into an

RDAP program.

Habeas corpus review under § 2241 "allows a federal prisoner to challenge

the 'execution' of his sentence."  Woodall v. Federal Bureau of Prisons, 432 F.3d

235, 241 (3d Cir. 2005).  A habeas corpus petition may be brought by a prisoner

who seeks to challenge either the fact or duration of his confinement in prison.

Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748

(3d Cir.), cert. denied, 510 U.S. 920 (1993).  Federal habeas relief is available only

"where the deprivation of rights is such that it necessarily impacts the fact or

length of detention."  Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

The case or controversy requirement of Article III, § 2 of the United States

Constitution subsists through all stages of federal judicial proceedings.  Parties

must continue to have a "'personal stake in the outcome' of the lawsuit."  Lewis v.

Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422

U.S. 395, 401 (1975).  In other words, throughout the course of the action, the

aggrieved party must suffer or be threatened with actual injury caused by the

defendant.  Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing

existence of a live and acute controversy."  Steffel v. Thompson, 415 U.S. 452,

459 (1974) (emphasis in original).  "The rule in federal cases is that an actual

controversy must be extant at all stages of review, not merely at the time the

complaint is filed."  Id. at n.10 (citations omitted).  "Past exposure to illegal

conduct is insufficient to sustain a present case or controversy ... if unaccompanied

by continuing, present adverse effects."  Rosenberg v. Meese, 622 F. Supp. 1451,

1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974));

see also Gaeta v. Gerlinski, Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May

17, 2002) (Vanaskie, C.J.).

According to a copy of Petitioner's BOP inmate locator records, which has

been submitted by the Respondent, Petitioner has been released from incarceration

and is presently residing in Pittsburgh.  See  Doc. 13-1.

Since Sherrill has been granted release from federal custody he is no longer

eligible for the RDAP and its related one year sentence reduction.  As such, under

4

the principles set forth in <u>Steffel</u>, this matter is subject to dismissal as moot since it no longer presents an existing case or controversy.  An appropriate Order will enter.

BY THE COURT:


  <u>s/ Matthew W. Brann</u>
Matthew W. Brann
United States District Judge